IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

ANDREW KOONS,
          Petitioner,

    -vs-

J. COAKLEY, WARDEN,

          Respondent.

---

: CASE NO. 4:12 CV 2379

: MEMORANDUM AND ORDER

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a petition for the writ of habeas corpus filed by pro se petitioner Andrew Koons (hereinafter "petitioner"), pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition will be dismissed.

In 2008, the petitioner pled guilty to being a felon in possession of a firearm. He was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), to 180 months imprisonment, followed by five years of supervised release. The petitioner thereafter filed a § 2255 motion to vacate his sentence, which was denied. See Koons v. United States, No. 3:08cv0191 (S.D. Ind. 2008). He appealed, and the Seventh Circuit affirmed. See United States v. Koons, No. 09-3025 (7th Cir. 2009). The petitioner filed a "Motion to Dismiss" in district court, which the court denied as a successive § 2255 motion filed without leave. See Koons v. United States, No. 3:12cv0118 (S.D. Ind. filed 15 August 2012). The Seventh Circuit then denied the petitioner's request to file a

successive petition. See United States v. Koons, No. 12-2910 (7th Cir. filed 17 August 2012).

The petitioner now submits a challenge to the legality of his sentence pursuant to 28 U.S.C. § 2241. He argues that the sentencing court improperly determined his armed career criminal status, by concluding, incorrectly, that he has "3 prior felonies committed on different occasions . . . as mandated by the Armed Career Criminal Act."

Generally, a federal prisoner may challenge the legality of his sentence only by seeking relief under 28 U.S.C. § 2255 in the court where he was convicted. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999). A prisoner challenging the execution or manner in which his sentence is served may seek relief under 28 U.S.C. § 2241 in the district where he is incarcerated. Id. However, a federal prisoner may challenge the legality of a conviction or sentence under 28 U.S.C. § 2241, if the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. The remedy afforded under § 2255 is not "inadequate or ineffective" simply because it has been previously denied or because it is procedurally barred. Id. A federal prisoner challenging the legality of his conviction or sentence may proceed under § 2241 by demonstrating that an intervening change in the law establishes his actual innocence. United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001).

In this instance, the petitioner maintains that his challenge to the legality of his sentence pursuant to § 2241 is proper, because an intervening change in the law makes him "actually innocent" of being an armed career criminal. Notably, the petitioner does not contend that an intervening change in the law makes him actually innocent of being a felon in possession of a firearm, his underlying offense.

2

This argument has been previously rejected by a number of circuit courts, including our own. As stated in Jones v. Castillo, 489 Fed.Appx. 864, 866 (6th Cir. 2012), "claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." See also Raymer v. Barron, 82 Fed.Appx. 431, 432 (6th Cir. 2003) (rejecting an "actual innocence" challenge to an enhanced sentence under the Armed Career Criminal Act); In re Davenport, 147 F.3d 605, 609-610 (7th Cir. 1998) (holding that a challenge to armed career criminal enhancement is improper under § 2241); Kinder v. Purdy, 222 F.3d 209, 212-14 (5th Cir. 2000). Therefore, because the petitioner's claim that he is "actually innocent" of being an armed career criminal is not a cognizable ground for relief under § 2241, the petition will be dismissed.

### Conclusion

For the reasons stated above, the instant petition is dismissed pursuant to 28 U.S.C. § 2243. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 28 2013

UNITED STATES DISTRICT JUDGE