IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
:
: CASE NO. 4:12 CV 2379
ANDREW KOONS, :
              Petitioner :
:
      -vs- : MEMORANDUM AND ORDER
:
:
:
J. COAKLEY, WARDEN, :

              Respondent.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Before the Court is a Motion to Reconsider, Alter or Amend filed by pro se petitioner Andrew Koons (hereinafter "petitioner"). Petitioner seeks to alter this Court's 28 May 2013 judgment dismissing the petition for the writ of habeas corpus he filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Motion is denied.

    The Court construes petitioner's motion as a timely filed motion to alter or amend judgment pursuant to Federal Civil Rule 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp, Inc. v. American

Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Petitioner argues he is entitled to extraordinary relief to prevent manifest injustice.

A motion under Rule 59(e) is not an opportunity to re-argue a case. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

> Rule 59(e) motions are aimed at re-consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence.

Id. (quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992). Here, petitioner continues to challenge this Court's determination that he could not challenge the enhancement of his sentence through the safety valve provision of §2255. He claims that for a prisoner, like himself, whose sentence exceeds the statutory maximum, habeas relief is available pursuant § 2241.

To support his claim, petitioner cites Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011), a prisoner appeal from the denial of his §2255 motion to vacate his enhanced sentence. Petitioner writes: "The Navarez [sic] court stated 'the erroneous application of the mandatory Career Offender Guidelines is a fundamental Sentencing defect that can be remedied under §2241' habeas corpus." (Mot. at 2).

The petitioner in Narvaez filed a motion to vacate his sentence under 28 U.S.C. § 2255(a) asserting that the imposition of his career offender status was illegal in light of the Supreme Court's decisions in Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009). The Seventh Circuit later held that Begay and Chambers applied retroactively to cases on collateral review. Narvaez did

not involve any claim of actual innocence and did not authorize any finding that a prisoner could attack his sentence enhancement through a federal habeas petition.

Based on the foregoing, petitioner has failed to state any basis upon which the Court should alter or amend its original judgment. <u>See</u> Fed.R.Civ.P. 59(e). Accordingly, petitioner's Motion is denied. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

        /s/ Lesley Wells
    UNITED STATES DISTRICT JUDGE

Date:  15 August 2013

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."